The Honorable R.B. Shore Clerk of Circuit Court Manatee County Post Office Box 1000 Bradenton, Florida 34206-1000
Dear Mr. Shore:
You ask substantially the following question:
May the clerk of court budget and use public funds to pay surcharges imposed by a credit card company when an individual uses a credit card to make payment to the clerk's office?
In sum:
The clerk of court may budget and use public funds to pay surcharges imposed by a credit card company when an individual uses a credit card to make payment to the clerk's office, if the clerk makes a determination that the expenditure of the funds accomplishes a clearly identifiable public purpose.
As noted in Attorney General Opinion 98-09, section 215.322(5), Florida Statutes, authorizes the clerk's office to impose a surcharge sufficient to pay the service fee charges imposed by a card company. There is nothing in the statute's language, however, that requires the clerk to impose the surcharge and collect it from the individual who is using a credit or debit card to make payments to the clerk's office.
An analogous situation can be drawn from the imposition of cost for the reproduction of public records under Chapter 119, Florida Statutes. In Attorney General Opinion 90-81, this office was asked whether the custodian of a public record could charge less than the statutorily prescribed fee of fifteen cents per page for one-sided copies. Section 119.07(1)(a), Florida Statutes, states in relevant part:
"The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, for duplicated copies of not more than 14 inches by 8 1/2 inches, upon payment of not more than 15 cents per one-sided copy, and for all other copies, upon payment of the actual cost of duplication of the record. An agency may charge no more than an additional 5 cents for each two-sided duplicated copy. . . ." (e.s.)
In analyzing this language, this office concluded that the statute required the custodian when charging for copies to charge the fee prescribed by law or, if not prescribed by law, fifteen cents per one-sided copy. The imposition of the additional five cents per two-sided copy, however, was found to be merely authorized and the statute did not require the custodian to charge the additional amount for a two-sided copy. The opinion observed that the purpose of the statute was to eliminate the disparity that existed among governmental agencies charging fees for copies of public records by establishing a set fee for most copies when a fee is charged by an agency. Inherent in the opinion's analysis is the conclusion that Chapter 119, Florida Statutes, does not prohibit agencies from providing informational copies of public records without charge.
Section 215.322(5), Florida Statutes, states that
"any clerk of the circuit court . . . is authorized to accept payment by use of credit cards . . . and to surcharge the person who uses a credit card . . . an amount sufficient to pay the service fee charges by the financial institution. . . ." (e.s.)
Thus, the clerk of court is given statutory authority to impose a surcharge for credit card use, but section 215.322(5), Florida Statutes, contains no requirement that it be collected. Should the clerk not collect the surcharge from an individual, it appears within the clerk's discretion to decide whether to budget the funds of the clerk's office to cover the cost of such surcharges. The clerk, however, must make a determination that the expenditure of such funds accomplishes a public purpose.
In previous opinions of this office, it has been stated that the appropriateness of a particular expenditure of public funds must be examined in light of the statutorily prescribed express and necessarily implied duties, authority, and functions of the officer in question. As was stated in Attorney General Opinion 78-101:
"In considering a question involving the expenditure of public funds by a public officer, it is necessary to determine whether the officer in question has been expressly authorized by statute to expend funds for the purpose under consideration, or must be considered to have been given such authority by necessary implication in order to carry out some duty or function expressly imposed or authorized by statute. . . ."
The test for any expenditure of public funds by a governmental entity is whether the expenditure is for a purpose that primarily benefits the public, with any benefits to private interests being only incidental and secondary.[1] In O'Neill v. Burns,[2] the Supreme Court applied the prohibitions of section 10, Article IX, Florida Constitution 1885 (the predecessor of current section 10, Article VII), to a proposed grant of state funds to the Junior Chamber of Commerce and quoted with approval the following analysis of the public purpose doctrine as stated by the trial court:
"It is only when there is some clearly identified and concretepublic purpose as the primary objective and a reasonable expectation that such purpose will be substantially and effectively accomplished, that the state or its subdivision may disburse, loan or pledge public funds or property to a nongovernmental entity such as a non-profit corporation. . . ." (e.s.)
Thus, a governmental entity must point to an identifiable public purpose that will be served by expending funds from its budget to cover the cost of surcharges on credit card use by private individuals to pay fines, citations, court costs, and other similar fees to that public office. However, the question of whether a particular use or expenditure of public funds has as its primary purpose and benefit a public purpose is a factual determination and constitutes a mixed question of fact and law that this office cannot determine.
Accordingly, it is my opinion that section 215.322(5), Florida Statutes, authorizes, but does not require, the clerk of court to impose a surcharge on the use of credit cards by individuals to pay fines, citations, court costs, and other similar fees. The clerk may budget and use public funds to pay credit card surcharges if it is determined that the expenditure of such funds accomplishes a clearly identifiable public purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] O'Neill v. Burns, 198 So.2d 1 (Fla. 1967).
[2] Id. at 4.